Mark A. Costantino, J.
This is an action wherein plaintiff seeks an injunction and a declaratory judgment.
The uncontradicted evidence adduced before me establishes that plaintiff is the owner of a parcel of land located in the proposed Annadale Huguenot Urban Renewal Development area, on Staten Island, and that plaintiff filed for and obtained building permits for the construction of seven one-family houses on said property. Said permits were issued between June 11 and August 20, 1965. Pursuant to said permits, plaintiff completed the construction of two houses and fully framed the third house, and had completed foundations preparatory to framing the remaining four houses, all before October 15,1965. In addition, excavation for septic tanks had been made for all seven houses, and architectural work and surveys had been completed. Plaintiff also had obtained a building loan agreement with the local bank, and, in fact, had borrowed under said agreement approximately $48,000, on which it necessarily must pay interest. Plaintiff has also entered into a contract for the sale of one of the completed houses, and has received a 10% down payment thereon. The evidence further shows that on or about October 15, 1965, plaintiff was served with a notice by the Building Department of the City of New York, to cease further construction on the grounds that, pursuant to an order of the Supreme Court, New York County, the permits under which plaintiff had been operating were cancelled. The said order, amongst other things, purports to invalidate any and all building permits issued out of the Richmond County office after February 11, 1965, on any property located in the proposed urban renewal area. Since plaintiff’s property is located within the said area, the permits which he received are affected thereby.
The defendants offered no evidence on the trial, but relied on the affirmative defense consisting essentially of the provisions of the order made in the article 78 CPLR proceeding referred to above. The defendants claim that they are bound by such order, and by virtue of same, the invalidation of plaintiff’s permits naturally follows.
Upon all the evidence, I find and decide that when plaintiff had acted upon the building permits to the extent as established on the plaintiff’s case, it acquired a vested right in said building permits (Matter of Clearview Gardens Pool Club v. Foley, 19 A D 2d 905, affd. 14 N Y 2d 809; G. & H. Bldg. Corp. v. City of New York, 202 App. Div 814; Town of Greenburgh v. General Outdoor Adv. Co., 109 N. Y. S. 2d 826; Edwards v. City of Watertown, 247 App. Div. 860) and said right is protected by the Federal and State Constitutions (City of Little Falls v. Fisk, *1055 24 N. Y. S. 2d 460, 472), and could not be divested without due process of law.
Since plaintiff was not a party to the article 78 CPLR proceeding in New York County which resulted in the order referred to in defendants’ answer, and since plaintiff could not manage such proceeding, nor could it appeal from the resulting order, said order was not binding upon plaintiff and could not affect its vested right in the building permits.
Furthermore, the Annadale Huguenot Urban Benewal designation dated April 12, 1963, which was promulgated by the City Planning Commission as a preliminary step in the urban renewal plan for this area, specifically provides that with respect to property held by private owners, ‘1 until the ‘ Benewal Plan ’ is adopted [and concedcdly the plan has not been adopted even up to now] the present owners of private, properties may sell, or develop their site in accordance with existing zoning and building regulations ”.
Consequently, plaintiff, even under the designation by the City Planning Commission, had a right to deal with its property without regard to the possibility or probability of its use in the proposed urban renewal plan.
Accordingly, defendants’ affirmative defense, in my opinion, is insufficient in law, and will be stricken, and I direct judgment in favor of the plaintiff enjoining the defendants from denying the validity of plaintiff’s building permits involved in this action, and declare that plaintiff’s building permits are valid and subsisting.